UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KIM TOWNSEND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-03024-JPH-MJD |
| | ) | |
| MARION COUNTY, | ) | |
| CITY OF INDIANAPOLIS a Municipal | ) | |
| Corporation, | ) | |
| DEREK MATTHEW JACKSON, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING RECONSIDERATION AND GRANTING SUMMARY JUDGMENT

Kim Townsend alleges that Defendants used excessive force when they arrested her.  The Court granted summary judgment based on qualified immunity for the individual defendants, except Officer Derek Jackson.  Dkt. 120 at 18.  Before the Court are Officer Jackson's supplemental motion for summary judgment, dkt. 126, and Ms. Townsend's motion for reconsideration of summary judgment for two of the other defendants, dkt. 125.  For the reasons below, Ms. Townsend's motion for reconsideration is **DENIED**, dkt. [125], and Officer Jackson's supplemental motion for summary judgment is **GRANTED**, dkt. [126].

## I.
## Facts and Background

Because Defendant has moved for summary judgment under Rule 56(a), the Court views and recites the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor."

1

*Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted).  The facts below are summarized from the prior summary judgment order.  Dkt. 120.

After work on January 6, 2016, Ms. Townsend drove to the Julian Center where she lived.  Dkt. 78-6 at 18 (Townsend Dep. at 71–72).  During that drive, police officers signaled for her to pull over, but she continued driving.  *Id.* at 20–21, 26 (Townsend Dep. at 79, 82–83, 101–04).  When she arrived at the Julian Center, she noticed a police car behind her and was "scared to death" so she walked quickly to the door to get help from an advocate at the Julian Center. Dkt. 78-6 at 24–25, 32 (Townsend Dep. at 93, 97, 99–100, 128).

As she reached the Julian Center's door, officers took Ms. Townsend to the ground.  *See* dkt. 78-9.  After handcuffing her, officers lifted her to her feet by her arms.  *Id.*  Ms. Townsend suffered serious injuries, including shoulder injuries requiring surgery. Dkt. 78-6 at 46 (Townsend Dep. at 181–83).

Ms. Townsend brought this action on August 28, 2017, alleging that "John Doe officers" and five named Indianapolis Metropolitan Police Department officers and Marion County Sheriff's Office deputies used excessive force against her.  Dkt. 1.  She also sued the City of Indianapolis, alleging that it is required to indemnify the officers for any damages.  *Id.*  Ms. Townsend amended her complaint on March 26, 2018, adding Officers Derek Jackson and Justin Gough as defendants.  Dkt. 38.

Defendants moved for summary judgment, dkt. 77, which was granted to the individual defendants except Officer Jackson, dkt. 120.  The summary

judgment order allowed Officer Jackson to file a supplemental motion for summary judgment on his argument that the statute of limitations had expired, dkt. 120 at 15–17, and he has done so, dkt. 126.  Ms. Townsend has moved for reconsideration of summary judgment for two other defendants, Officer Christopher Cooper and Deputy Tunney.  Dkt. 125.

## II.
## Applicable Law

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments," or for introducing evidence or arguments "that could have been heard during the pendency of the previous motion." *Id.*

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party must inform the court "of the basis for its motion" and specify evidence demonstrating "the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party meets this burden, the nonmoving party must "go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial."  *Id.* at 324.

In ruling on a motion for summary judgment, the Court views the evidence "in the light most favorable to the non-moving party and draw[s] all

reasonable inferences in that party's favor."  *Zerante*, 555 F.3d at 584 (citation omitted).

### III.
### Analysis

#### A. Ms. Townsend's motion for reconsideration

Ms. Townsend has moved for reconsideration of summary judgment for two individual defendants—Officer Cooper and Deputy Tunney.  Dkt. 125 at 3.  Defendants respond that Ms. Townsend does not cite any evidence or law justifying reconsideration.  *See* dkt. 130.

#### 1. Officer Cooper

Ms. Townsend argues that Officer Cooper used excessive force when he "clearly grabbed [her] by the hair and threw her to the ground."  Dkt. 125 at 3.  In granting Officer Cooper summary judgment, the Court recognized Ms. Townsend's argument that "Officer Cooper 'slammed into [her] from behind, bounced her face against the glass door by her hair, and then threw her on the ground, yanking her down again by her hair.'"  Dkt. 120 at 6 (quoting dkt. 93 at 9).  But because Ms. Townsend's "failure to stop gave Officer Cooper the right to arrest her," and because "no law show[ed] that, on these facts, Officer Cooper violated a clearly established right by taking her to the ground," he was entitled to qualified immunity.  *Id.* at 7–8.

Ms. Townsend does not cite any new evidence undermining that conclusion or any case showing a "wholesale disregard, misapplication, or failure to recognize controlling precedent."  *Oto v. Metropolitan Life Ins. Co.*, 224

F.3d 601, 606 (7th Cir. 2000); *see* dkt. 125 at 2–5; dkt. 132 at 2–4.  The closest case, *Rambo v. Daley*, was available on summary judgment and cannot overcome qualified immunity here because unlike Ms. Townsend, the plaintiff in *Rambo* "did not attempt to flee or physically resist."  68 F.3d 203, 207 (7th Cir. 1995); *see* dkt. 120 at 6 (explaining that Ms. Townsend must show a "clearly established" constitutional right to overcome qualified immunity).  Indeed, the Seventh Circuit recently explained that officers are generally entitled to qualified immunity when they "use steps reasonably likely to effect a clean takedown" of a suspect displaying "mild resistance"—even if the takedown "go[es] awry."  *Johnson v. Rogers*, 944 F.3d 966, 969 (7th Cir. 2019).

Ms. Townsend therefore is not entitled to reconsideration for her claim against Officer Cooper.

### 2. Deputy Tunney

Ms. Townsend argues that Deputy Tunney used excessive force when he "punched [her] at least one time" in the face before she was handcuffed.  Dkt. 125 at 4.  The Court granted Deputy Tunney summary judgment based on qualified immunity on that issue in part because "there is no evidence [he] . . . punched Ms. Townsend."  Dkt. 120 at 9 (citing dkt. 78-6 at 35 (Townsend Dep. at 137, 139–40)).  Ms. Townsend argues that Officer Cooper's testimony is evidence that Deputy Tunney punched her.  Dkt. 125 at 5.

Officer Cooper testified that Deputy Tunney may have punched *him* as he struggled with Ms. Townsend, and that Deputy Tunney "could have, maybe" punched Ms. Townsend.  Dkt. 125-5 at 3; *see* dkt. 125-4.  However, as the

Court's summary judgment order explained, the video of the incident and Ms. Townsend's deposition provide no evidence that she was punched.  Dkt. 120 at 9.[1]  Officer Cooper's testimony therefore stands alone, and it is too speculative to allow a reasonable inference that Deputy Tunney punched Ms. Townsend. *See Dawson v. Brown*, 803 F.3d 829, 834 (7th Cir. 2015); *Rice v. Burks*, 999 F.2d 1172, 1175 (7th Cir. 1993).

Ms. Townsend is therefore also not entitled to reconsideration for her claim against Deputy Tunney.

### B. Officer Jackson's motion for summary judgment

Officer Jackson argues that he's entitled to summary judgment because Ms. Townsend's claim is barred by the statute of limitations.  Dkt. 127 at 1. Ms. Townsend does not dispute that she first named Officer Jackson in her amended complaint after the statute of limitations had expired.  *See* dkt. 136. Instead, she argues that her claim against him is timely because the amended complaint relates back to the date the original complaint was filed.  *See id.*  If the amended complaint relates back, the claim against Officer Jackson was timely.  But if it does not relate back, then the statute of limitations bars the claim.  *See Joseph v. Elan Motorsports Tech. Racing Corp.*, 638 F.3d 555, 557–60 (7th Cir. 2011).

---

[1] Ms. Townsend argues in her brief in support of reconsideration that she "will testify at trial that, at the time she was on the ground with Defendants, she was punched." Dkt. 125 at 5.  Even if this statement was now supported by evidence, it comes too late to defeat summary judgment.  *See Oto*, 224 F.3d at 606 ("A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier.").

An amended complaint relates back under Federal Rule of Civil Procedure 15(c) if:

> (1) It "asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading"; and
>
> (2) "[W]ithin the period provided by Rule 4(m)" for service of process, Defendant:
>
>> (a) "received such notice of the action that it will not be prejudiced in defending on the merits"; and
>>
>> (b) "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."

*See Joseph*, 638 F.3d at 557–60.  Although the parties dispute each of those requirements, dkt. 127 at 8; dkt. 136 at 1, whether Officer Jackson had notice within the applicable time period is where the Court's analysis begins and ends because it is dispositive.

### 1. The Rule 4(m) time period for service

For Ms. Townsend's amended complaint to relate back, Officer Jackson must have received "notice of the action" within Rule 4(m)'s period for service. Fed. R. Civ. P. 15(c)(1)(C)(i)).  The parties agree that "the 90-day time period [for service] . . . ended on November 29, 2017."  Dkt. 136 at 2.  However, Ms. Townsend argues that receiving leave to amend her complaint "implicitly granted additional time" for service.  *Id.* at 7.  Officer Jackson argues that leave to amend does not extend the time for service.  Dkt. 137 at 4.

The Rule 4(m) time period for service "must" be extended "if the plaintiff shows good cause" for the failure to serve the defendant.  Fed. R. Civ. P. 4(m).[2] Filing an amended complaint can support a good cause extension, *Donald v. Cook Cty. Sheriff's Dept.*, 95 F.3d 548, 560 (7th Cir. 1996), but it does not automatically show good cause, *Keller v. United States*, 444 Fed. Appx. 909, 913 (7th Cir. 2011) ("[P]ermitting service of an amended complaint is not always inconsistent with a refusal to extend the time for service under Rule 4(m) . . . .").  And even if Ms. Townsend's amended complaint did constitute good cause, that would not trigger an automatic and implicit Rule 4(m) extension, as she argues occurred.  *See UWM Student Assn. v. Lovell*, 888 F.3d 854, 859 (7th Cir. 2018) (rejecting the argument that "the district court implicitly extended the service period by allowing an amended complaint"); *Del Raine v. Carlson*, 826 F.2d 698, 705 (7th Cir. 1987) ("The purpose of allowing complaints to be amended is to enable the pleadings to be conformed to the developing evidence rather than to extend the time for service indefinitely.").[3]

Here, Ms. Townsend did not request—and the Court did not grant—an extension.  *See* dkt. 136 at 7.  Ms. Townsend's amended complaint, standing alone, therefore did not extend the time for service past November 29, 2017.

---

[2] The time for service can also be extended at the district court's discretion for "excusable neglect."  *See UWM Student Assn. v. Lovell*, 888 F.3d 854, 858–59 (7th Cir. 2018).  Ms. Townsend does not argue excusable neglect here.  *See* dkt. 136.

[3] Instead of extending the initial period for service, filing an amended complaint against a new party "initiates a new timetable for service upon the added defendant." 4B Wright & Miller, Federal Practice and Procedure § 1137 (4th ed.) (cited in *Lovell*, 888 F.3d at 859).  That new timetable cannot help Ms. Townsend, as relation back requires notice within the time for service of the original complaint.  Fed. R. Civ. P. 15(c)(1)(C).

The cases that Ms. Townsend cites do not teach otherwise.  In *Donald* and *Keller*, the Seventh Circuit explained that "allowing an amendment normally constitutes a finding of good cause for an extension."  *Keller*, 444 Fed. Appx. at 913 (citing *Donald*, 95 F.3d at 560).  But, again, Ms. Townsend has not shown that her amended complaint constitutes a good cause showing, or that any resulting extension would be automatic or implicit.  Indeed, *Joseph* explains that amending the complaint and relation back are "separate question[s]," 638 F.3d at 558, and *Keller* adds that "permitting service of an amended complaint is not always inconsistent with a refusal to extend the time for service under Rule 4(m)," 444 Fed. Appx. at 913.[4]  In sum, merely filing an amended complaint is not enough, and Ms. Townsend has shown no more than that.

Because Ms. Townsend's amended complaint did not implicitly extend the Rule 4(m) time period for serving her original complaint, the time for service ended on November 29, 2017.  *See* Fed. R. Civ. P. 15(c)(1)(C); *Donald*, 95 F.3d at 557 ("[A]n amendment adding defendants can relate back to the filing of the original complaint for statute of limitations purposes *if the requirements of Rule 15(c) are fulfilled*." (emphasis added)).

### 2. Notice during the Rule 4(m) time period for service

For the amended complaint to relate back, Officer Jackson must have— by November 29, 2017—"received such notice of the action that [he] will not be

---

[4] The last case that Ms. Townsend cites, *Motley v. Parks*, merely repeats that an amended complaint can be good cause for extending the Rule 4(m) period.  198 F.R.D. 532, 534 (C.D. Cal. 2000).

prejudiced in defending on the merits."  Fed. R. Civ. P. 15(c)(1)(C)(i)).  Notice

requires actual or constructive knowledge of the action.  *See Krupski v. Costa*

*Crociere*, 560 U.S. 538, 545 (2010).

Officer Jackson argues that he's entitled to summary judgment because

he did not have notice before the Rule 4(m) time period ended and suffered

prejudice when he was added outside the statute of limitations.  Dkt. 127 at 5–

8.  He designates evidence that he learned about this action on December 7,

2017 and did not know that Ms. Townsend was suing several officers,

including "John Doe" defendants, until April 4, 2018.  Dkt. 126-6 at 1.  Ms.

Townsend responds that the Internal Affairs Bureau interviewed Officer

Jackson about the use of force in this case in December 2017 and that he

learned of this action in September 2017 from a news report.  Dkt. 136 at 2, 4–

5.

The Internal Affairs interview happened months before this action was

filed, so Officer Jackson could not have learned of the it through that interview.

*See* dkt. 1 (complaint filed August 31, 2017).  And Ms. Townsend designates no

evidence that Mr. Jackson learned in the interview that she intended to bring

this action, or that he could be a defendant.  *See* dkt. 136 at 3; dkt. 78-13 at 2

(Officer Jackson's affidavit explaining that he "was not told that Internal Affairs

was investigating whether [he] used excessive force during Ms. Townsend's

arrest").[5]

---

[5] Similarly, Ms. Townsend does not designate evidence showing that Officer Jackson
knew about or could have learned of this action from a citizen's complaint that Ms.

For the September 2017 news report, Ms. Townsend relies on Officer Jackson's testimony that he saw video of the incident "on cable TV." Dkt. 93-5 at 2 (Jackson Dep. at 80–81). But Mr. Jackson saw that video after he had an attorney, *id.*, and Mr. Jackson spoke to an attorney about this case on April 4, 2018, dkt. 78-13 at 3. While Ms. Townsend alleges that the video aired on local cable news in September 2017, she does not designate any evidence that Officer Jackson saw that broadcast when it aired or watched it before April 4, 2018. Dkt. 136 at 4–5. The designated evidence therefore does not show that Officer Jackson had knowledge of this action by November 29, 2017. Although he learned of the action about a week later, several months went by before he learned there were "John Doe" defendants. Dkt. 126-6 at 1–2.

And Officer Jackson was prejudiced by that delay. He has designated evidence that he was unable to hire an expert witness for trial and "did not take steps to record his recollection of what occurred" because he did not know that he was or could be a defendant in this case. Dkt. 127 at 5–6 (citing dkt. 126-6 at 3–4); *see Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980). Ms. Townsend did not respond to this argument or designate contrary evidence. *See* dkt. 136.[6]

---

Townsend sent IMPD in August 2016 or a use of force report that Officer Cooper wrote in January 2016—both long before this action was filed. Dkt. 136 at 3–4; *see* dkt. 1.

[6] In her brief in opposition to Defendants' initial motion for summary judgment, Ms. Townsend raised the "shared attorney" approach to proving notice. Dkt. 93 at 22. However, Ms. Townsend has not shown that any attorney for other defendants knew or should have known that Officer Jackson was an intended defendant. *See id.* And as explained above, Officer Jackson did not receive notice—through an attorney or otherwise—that allowed him to avoid prejudice. *See Mitchell v. Nesemeier*, No. 11 C 50329, 2013 WL 5587887 at *6 (N.D. Ill. 2013) (citing *Wood*, 618 F.2d at 1230).

In sum, because Officer Jackson was not on notice during the 4(m) time period for service, he is not "in the same position as a defendant sued within the statute of limitations." *Joseph*, 638 F.3d at 558.  He did not know that he was an intended defendant, and Ms. Townsend does not respond to his designated evidence showing prejudice. *See* dkt. 136.  "A potential defendant who has not been named in a lawsuit by the time the statute of limitations has run is entitled to repose—unless it is or should be apparent to that person that he is the beneficiary of a mere slip of the pen, as it were." *Joseph*, 638 F.3d at 560 (quoting *Rendall–Speranza v. Nassim*, 107 F.3d 913, 918 (D.C. Cir. 1997)).  Officer Jackson is therefore entitled to summary judgment.[7]

## IV.
## Conclusion

Ms. Townsend's motion for reconsideration is **DENIED**, dkt. [125], and Officer Jackson's supplemental motion for summary judgment is **GRANTED**, dkt. [126].  Final judgment will issue in a separate entry.[8]

**SO ORDERED.**

Date: 11/30/2020

James Patrick Hanlon
United States District Judge
Southern District of Indiana

---

[7] Because Officer Jackson is entitled to summary judgment for these reasons, the Court need not address Rule 15(c)'s other requirements.

[8] Because all individual defendants are entitled to summary judgment and Ms. Townsend's only claim against the City of Indianapolis and Marion County is for indemnity, *see* dkt. 38 at 4, the City of Indianapolis and Marion County are also entitled to judgment, *see* dkt. 120 at 17–18.

Distribution:

Elise Bowling
OFFICE OF CORPORATION COUNSEL
elise.bowling2@indy.gov

Martin Austin Brown
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS DUNCAN & MERCHANT,
LLP
mab@rkblegalgroup.com

Andrew R. Duncan
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS DUNCAN & MERCHANT,
LLP
ard@rkblegalgroup.com

Tara Lynn Gerber
City of Indianapolis
tara.gerber@indy.gov

John F. Kautzman
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS DUNCAN & MERCHANT,
LLP
jfk@rkblegalgroup.com

Gregory E. Kulis
GREGORY E. KULIS & ASSOCIATES LTD.
gkulis@kulislawltd.com

Edward J. Merchant
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS DUNCAN & MERCHANT,
LLP
ejm@rkblegalgroup.com

Brian M. Orozco
GREGORY 3. KULIS & ASSOCIATES, LTD.
borozco@kulislawltd.com

Andrew J. Upchurch
OFFICE OF CORPORATION COUNSEL
andrew.upchurch@indy.gov